UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT L. HART,

                        **Plaintiff,**

      v.                                                **11-CV-119
(TJM/VEB)**

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

                        **Defendant.**
_____

**THOMAS J. McAVOY,
Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

      This action brought pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), was referred by this Court to the Hon. Victor E. Bianchini, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c). The Report and Recommendation dated August 13, 2012 recommends that the decision of the Commissioner be affirmed. Plaintiff has filed objections to this Recommendation.

**II.    STANDARD OF REVIEW**

      When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28

1

U.S.C. § 636(b)(1)(C).  Portions of the Report and Recommendation to which no objections are lodged are reviewed for clear error or manifest injustice.  After this review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III.   BACKGROUND

The Court assumes familiarity the background facts of this case set forth in the Report and Recommendation. These facts will be repeated only where relevant to the discussion, below.

### IV.   DISCUSSION

This Court agrees with many of the conclusions reached by Magistrate Judge Bianchini, but disagrees with his recommendation that the Commissioner's decision should be affirmed.

As the Magistrate Judge correctly points out, the ALJ was required to afford controlling weight to Plaintiff's treating physician's opinion.  Plaintiff's treating physician, Dr. Mario Magsino, opined that Plaintiff "should avoid heaving lifting more than 15 pounds pushing or pulling." (T at 251).  However, the ALJ did not afford Dr. Magsino's opinion controlling weight but instead afforded it "greatest weight" in relation to other opinions.[1]  Further, the ALJ concluded, based on the evidence in the case, that Plaintiff retained the residual functional capacity ("RFC") to lift/carry/push/pull 20 pounds occasionally and 10

---

[1] This included evidence from Dr. Ganesh, a consultative examiner to whom the ALJ afforded "some weight," and a disability analyst to whom the ALJ afforded "minimal weight." (T at 20-21).

2

pounds frequently and could, therefore, perform light work. (T at 18). Yet, contrary to the ALJ's conclusion, this Court does not find that Plaintiff's treating physician's opinion that Plaintiff "should avoid heaving lifting more than 15 pounds pushing or pulling" is consistent with the finding that Plaintiff could occasionally lift 20 pounds. The plain meaning of the term "should avoid heavy lifting more than 15 pounds" is that Plaintiff should completely refrain from doing such activity, not that he should refrain from doing it only occasionally.

Moreover, the other medical and non-medical evidence in this case does not overtly outweigh the controlling weight that must be afforded to the treating physician's opinion. The Court agrees with the Magistrate Judge that the disability analyst's opinion should not have been afforded any evidentiary weight at the administrative hearing level. See Rep. Rec. pp. 12-13. Because the consultative examiner opined only that Plaintiff "has a mild to moderate limitation lifting, carrying, pushing, and pulling," (T at 214), but the disability analyst concluded that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand/walk six hours a day, and was on limited in his ability to push/pull, (T at 217), it appears that the ALJ's conclusion was based, at least in part, on the disability analyst's opinion and not on Plaintiff's treating physician's opinion which should have been afforded controlling weight.

Still further, there is evidence in the record of non-exertional limitations involving unskilled work in the nature of Dr. Constant's treatment notation indicating that Plaintiff needs a back brace, (T at 329), Plaintiff's testimony that he has difficulty bending and wears a back brace (T at 39-40), Plaintiff's testimony that he believed he could not lift 15 pounds and that he could not lift a gallon of milk on a regular basis, (T at 41), and Plaintiff's diagnosis of degenerative disc disease (T at 196) and disc protrusion (T at 129).

3

Thus, the ALJ's conclusion that testimony of a vocational expert was unnecessary because of "the absence of any non-exertional limitations involving unskilled work" appears not to be supported by substantial evidence.

Although the reviewing court must give deference to the Commissioner's decision, the Act is ultimately "'a remedial statute which must be "liberally applied;" its intent is inclusion rather than exclusion.'" Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 1990) (quoting Rivera v. Bchweiker, 717 F.2d 719, 723 (2d Cir. 1983)).  The Court finds that the Commissioner's determination was not based on the correct legal standards as discussed above, and therefore must be reversed and the matter remanded to determine Plaintiff's residual functional capacity to perform light work.

## V.    CONCLUSION

Based on this, the decision of the Commissioner is REVERSED, and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405 (g) for further administrative proceedings consistent with this Decision and Order.

**IT IS SO ORDERED**

**Dated:** September 17, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge